IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ISMAEL LEBRON PACHECO et al.,

    Plaintiffs,

    v.                                  CIVIL NO. 98-1371 (RLA)

S.S. FASCINATION and CARNIVAL
CRUISE LINE, INC., et al.

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Defendant, CARNIVAL CRUISE LINES, INC. (CARNIVAL), has submitted a Motion to Dismiss invoking the validity of the forum selection clause established in the passage contract ticket issued to plaintiffs prior to sailing aboard the cruise ship "Fascination" on April 12, 1997.

Plaintiffs, a minor and his parents grandfather, all passengers aboard the cruise ship "Fascination", brought this personal injury diversity action for the alleged damages they suffered as a result of the temporary disappearance of the five-year old minor from the cruise ship's day care center on April 16, 1997, while under the care of the cruise ship's employees.

DISCUSSION

The contract ticket that became the contract of carriage between the plaintiffs and CARNIVAL contained provisions stating *inter alia,* that:

> (3) (a) The acceptance of this ticket by the person or persons named hereon as passengers shall be deemed to be an acceptance and agreement by each of them of all of the terms and conditions of this Passage Contract Ticket.
>
> ...
>
> 8. It is agreed by and between the guest and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A. to the exclusion of the Courts of any other state or country.

The carrier contract thus contains a forum selection clause. These types of clauses, although "historically not [...] favored by American courts" were held "prima facie valid" by the Supreme Court in <u>M/S Bremen v. Zapata Off-Shore Co.</u>, 407 U.S. 1, 9-10, 92 S.Ct. 1907, L.Ed.2d 513 (1972).

We find the case of <u>Carnival Cruise Line v. Shute</u>, 499 U.S. 585, 111 S.Ct. 1522 (1991) dispositive of the matter at hand. In <u>Shute</u>, plaintiffs were from Washington, the carrier, as here, was from Florida, and suit was required to be filed in Florida. The Supreme Court found the forum selection clause in the passenger contract to be reasonable and enforced it. In the case before us, the plaintiffs are from Puerto Rico, the carrier is from Florida and suit is required to be filed in Florida. We see nothing arbitrary in enforcing, as we must do pursuant to Supreme Court precedent, the forum selection clause established in the contract of passage.

Further, as in <u>Shute</u>, we find the terms of the contract to have been clearly communicated to plaintiffs. The ticket contract's cover page and front sheet contain legends, in bold capital letters as follows: "IMPORTANT NOTICE TO GUEST". These legends announce and call the passengers' attention to the limitations and conditions contained in the legally-binding contract. <u>Cf.</u> <u>Marek v. Marpan Two, Inc.</u>, 817 F.2d 242, 245 (3rd Cir. 1987).

Although plaintiffs allege that they did not <u>purchase</u> the tickets, but merely <u>received them</u> as an award and did not have time to review them prior to sailing, we find that plaintiffs nonetheless had constructive knowledge of the terms of the ticket prior to boarding, in that they admit receipt of the passenger ticket prior to going on board. <u>See</u> <u>Sasso v. Travel Dynamics Inc.</u>, 844 F. Supp .68, 72-73 (D. Mass. 1994) (analysis of issue of notice depends not on actual knowledge of the terms of the contract of passage but rather on the opportunity for such knowledge)(quoting from <u>Lousararian v. Royal Caribbean Corp.</u>, 951 F.2d 7, 11 (1st Cir. 1991)).

Therefore, in the context of the case before us, where plaintiffs had the contract of passage in their hands prior to boarding ship, they are held to constructive knowledge of its terms, as "[t]he passenger who omits to read takes the risk of omission." <u>Marek</u>, 817 F.2d at 247 (quoting <u>Murray v. Cunard S.S. Co. Ltd.</u>, 235 N.Y. 162 (1923)).

CIVIL NO. 98-1371 (RLA)                                              Page 4

---

Based on the above, defendant's Motion to Dismiss (**docket No. 13**)[1] is hereby **GRANTED**, and this case is hereby **DISMISSED without prejudice.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 27 day of July, 2000.

RAYMOND L. ACOSTA
United States District Judge

---

[1] See also Motion in opposition to Motion to Dismiss (**docket No. 14**); Reply to Plaintiff's Motion in Opposition to Motion to Dismiss (**docket No. 15**); and Sur-reply to Reply to Plaintiffs' Motion in Opposition to Motion to Dismiss (**docket No. 16**).

AO 72
(Rev 8/82)